**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEREMY WILLIAMS | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 26-cv-2622 |
| | : | |
| CHERYL STEBERGER; | : | |
| DENISE COMMINS; and | : | |
| JARED SNADER, | : | |
|     Defendants. | : | |

**MEMORANDUM**

Joseph F. Leeson, Jr.                                                    June 29, 2026
United States District Judge

*Pro se* Plaintiff Jeremy Williams filed this civil rights action while housed as a pretrial

detainee at Lancaster County Prison. Williams claims that the Defendants conspired to set an

excessive bail to ensure he remained in pretrial detention. Williams also seeks leave to proceed

*in forma pauperis*. For the following reasons, the Court will grant Williams leave to proceed *in*

*forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice.

I.       **FACTUAL ALLEGATIONS**[1]

On November 12, 2025, Williams was charged with Burglary and Criminal trespass.

(Compl. at 10.) After Williams was arrested on these charges, Defendant Lancaster County

Detective Jared Snader sent "an *ex parte* letter" to Defendant Lancaster County Magisterial

District Judge Denise Commins. (Compl. at 4) In the letter, Snader requested that cash bail be

set at an amount Williams could not post ($500,000), citing Williams's "significant flight risk"

---

[1]      The facts are taken from Williams's Complaint (ECF No. 2). The Court adopts the
pagination supplied by the CM/ECF docketing system.

and "significant danger to his community." (*Id*.)  Snader stated that Williams's criminal history was extensive, that Williams committed the burglary while high on methamphetamine, and that he believed Williams would have committed the burglary if the victim were present.  (*Id*.)  Snader also stated that Williams told him "he would leave Lancaster immediately once he was able to."  (*Id*. at 18.)  Williams alleges that he never told Snader that he would leave Lancaster.  (*Id*. at 15.)  Williams alleges that Snader's *ex parte* communication to Judge Commins was intended to set the bail so high that Williams could not post it and would remain in pretrial detention.  (*Id*.)  At a preliminary arraignment hearing, his bail was set at $500,000.  *See Commonwealth v. Williams*, CP-36-CR-0004917-2025 (C.P. Lancaster); *Commonwealth v. Williams*, MJ-02202-CR-0000486-2025 (M.J. Lancaster).

Based on these allegations, Williams asserts Eighth and Fourteenth Amendment claims against Snader, Judge Commins, and Cheryl Steberger, the Warden at Lancaster County Prison who "accepted and maintained" Williams's detention at the prison.  (*Id*. at 4.)  He also asserts conspiracy claims under 42 U.S.C. §§ 1983 and 1985(3), alleging that Defendants conspired to set an excessive bail and discriminate against him on the basis of his lack of wealth.  (*Id*. at 4, 12.)  Williams requests damages, declaratory relief, and that he be released from pretrial detention and be ordered a new bail hearing.[2]  (*Id*. at 4.)

---

[2]    Williams asks the Court for a declaration that Defendants violated his constitutional rights.  (Compl. at 16.)  Williams's claim for declaratory relief will be denied because it merely seeks to adjudicate past conduct, which is improper.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) (noting that a "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct," and is also not "meant simply to proclaim that one party is liable to another"); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

In addition, Williams's public criminal docket reflects that he entered a negotiated guilty plea and was sentenced to prison time and a period of probation.  Thus, Williams's request that Defendants be ordered to release him from pretrial detention and grant him a new bail hearing is

## II.    STANDARD OF REVIEW

The Court grants Williams leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Williams's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Williams is proceeding *pro se*, the Court construes his allegations liberally.

---

now moot. *See Carlton v. Warden Atl. Cnty. Just. Facility*, No. 22-1488, 2022 WL 4459910, at *1 (3d Cir. June 30, 2022) ("Appellant's Speedy Trial claim challenging his pretrial detention has been rendered moot by his conviction"); *Baker v. Warden Cumberland Cnty. Prison*, No. 18-3817, 2019 WL 2612772, at *1 (3d Cir. May 9, 2019) ("to the extent that Appellant has pleaded guilty, his claims pertaining to his pretrial detention have been rendered moot by his conviction").  Even if it were not moot, such relief cannot be granted in a civil action such as this one, brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

[3]    Because Williams is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

The Court understands Williams to assert Eighth Amendment excessive bail claims, Fourteenth Amendment equal protection and due process claims, and conspiracy claims under 42 U.S.C. §§ 1983 and 1985(3).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).  The same applies to a § 1985(3) claim. *Ulrich v. Corbett*, 614 F. App'x 572, 574 (3d Cir. 2015) (affirming dismissal of § 1983 and § 1985(c) conspiracy claims for failure to allege personal involvement); *Wright v. Loftus*, No. 09-1305, 2009 WL 4051244, at *12 (M.D. Pa. Nov. 20, 2009) ("Wright's Complaint fails to allege a claim under § 1985(3) because it fails to allege conspiracy with requisite facts, fails to allege invidious discrimination, and it fails to allege the personal involvement of Defendant Loftus") (internal quotation marks omitted).

### A.    Claims against Judge Commins

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a

function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Likewise, "grave procedural errors," "conducting a proceeding in an informal and *ex parte* manner," or acting "unfair[ly] or controversial[ly]" will not defeat absolute judicial immunity. *Gallas*, 211 F.3d at 769 (citations and internal quotation marks omitted). This immunity extends to Pennsylvania Magisterial District Judges. *See Sheffer v. Center County*, 818 F. App'x 160, 161-62 (3d Cir. 2020) (*per curiam*).

Williams's claims against Judge Commins are based on her order setting bail at $500,000. There are no other factual allegations against Judge Commins in the Complaint. However, decisions concerning setting bail for criminal defendants are entitled to absolute judicial immunity. *Id.* at 162 (noting that bail-related decisions were judicial and not administrative and thus entitled to absolute immunity); *Youst v. Lancaster City Bureau Police Dep't*, No. 20-3287, 2020 WL 6562073, at *3-*4 (E.D. Pa. Nov. 9, 2020) (concluding that magisterial district judge was entitled to absolute immunity where the only allegations against her rose from "judicial determinations she made and an order she entered in the course of [the plaintiff's] criminal arraignment and [in] setting his bail"). Williams also asserts conspiracy claims against Judge Commins; however, he alleges no facts from which one could infer an agreement or understanding between Judge Commins and any other Defendant with respect to his bail. Williams alleges merely that Judge Commins set his bail to the amount recommended by Snader. This does not equate to a conspiratorial agreement, nor, more importantly, does it

5

pierce the immunity to which Judge Commins is entitled concerning bail decisions.  *See Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity).  Accordingly, all claims against Judge Commins will be dismissed with prejudice as barred by absolute judicial immunity. Leave to amend would be futile and will not be given.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### B.      Claims against Warden Steberger

The only factual allegation Williams asserts against Warden Stebeger is that she served "as the custodian" and  "accepted and maintained [the] commitment/detention of Williams" after Judge Commins assigned his bail.  (Compl. at 4, 11.)  As noted above, to establish individual liability in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, meaning a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims brought against that defendant.  *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).  No allegations implicating Warden Steberger pertain to the claims made in this case regarding Williams's bail.  In any event, it is not clear how Warden Steberger would bear any legal responsibility for an alleged excessive bail claim, as wardens in Pennsylvania generally play no part in cash bail determinations.[4]  *See James v. York Cty. Police Dep't*, 160 F. App'x 126, 133 (3d Cir. 2005) (*per curiam*) (noting that "in Pennsylvania, the district justice[s] . . . set bail").  Accordingly, the claims asserted against Warden Stebeger will

---

[4]      Moreover, to the extent that Williams names Warden Steberger as a custodian  in connection with his request to be released from pretrial detention, as noted above, the Court cannot grant habeas relief in a civil action. *See Preiser*, 411 U.S. at 500.

6

be dismissed.  Because the Court concludes that any claims against Warden Steberger concerning Williams's bail would be futile, leave to amend these claims will not be given.  *See Grayson*, 293 F.3d at 108.

### C.    Claims against Detective Snader

Having dismissed all claims against Judge Commins and Warden Steberger, the Court turns next to the remaining Defendant, Snader.  Williams asserts conspiracy claims under § 1985(3) and § 1983 based on Snader's "*ex parte*" letter to Judge Commins, wherein he allegedly misrepresented Williams's intention to leave Lancaster and recommended a bail set at $500,000.  Williams also asserts substantive claims for excessive bail under the Eighth Amendment and equal protection and substantive and procedural due process under the Fourteenth Amendment.  Because there can be no conspiracy claim unless there is an underlying constitutional violation, *see Harvard v. Cesnalis*, 973 F.3d 190, 207-08 (3d Cir. 2020), the Court will consider Williams's substantive claims first.

### 1.    Eighth Amendment

The Eighth Amendment provides in part that "[e]xcessive bail shall not be required." U.S. Const. amend. VIII.  In Pennsylvania, district justices set bail.  *James*, 160 F. App'x at 133; *see also* Pa. R. Crim. P. 103 (defining "bail authority" as "the magisterial district judge, magistrate, Philadelphia arraignment court magistrate, or the judge with jurisdiction over the case who is authorized by law to set, modify, revoke, or deny bail").  However, individuals such as police officers may be held liable for excessive bail claims if they "'manipulate,' or 'help to shape,' or 'exercise significant influence'" over the bail decision." *James,* 160 F. App'x at 133 (quoting *Wagenmann v. Adams*, 829 F.2d 196, 211 (1st Cir. 1987)).  Williams alleges that Snader recommended to Judge Commins that Williams be assigned a bail amount he could not

post and misrepresented that Williams "told [him] . . . that he would leave Lancaster immediately once he was able to," but Williams never said this. (Compl. at 10, 18.) Snader also stated in the letter that he "absolutely think[s that Williams] would still have committed this crime if the victim was home." (*Id*.) Judge Commins ultimately set Williams's bail at $500,000, the amount recommended by Snader. These allegations taken together produce a plausible inference that Snader manipulated, helped to shape, or had a significant influence over Judge Commin's bail decision. Williams has therefore stated a plausible Eighth Amendment claim against Snader.

### 2.    Fourteenth Amendment

Williams also asserts claims for equal protection, substantive due process, and procedural due process under the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Due process contains both substantive and procedural components. *See Steele v. Cicchi*, 855 F.3d 494, 501 (3d Cir. 2017). To state a claim under § 1983 for a violation of his procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Williams alleges his due process rights were violated because he was placed in pretrial detention after Snader communicated *ex parte* with Judge Commins, recommending a cash bail amount Williams could not post. (Compl. at 11-12.) Assuming Williams has alleged a valid liberty interest in his pretrial freedom from detention, *see Holland v. Rosen*, 895 F.3d 272, 297

(3d Cir. 2018) ("Pretrial release and detention decisions implicate a liberty interest—conditional pretrial liberty—that is entitled to procedural due process protections"), he has nevertheless failed to state a plausible procedural due process violation.  Williams alleges that Snader recommended a bail amount to Judge Commins *ex parte* in an undated letter.  However, Williams's public criminal record reveals that he had process available to challenge this bail determination.  Williams's bail was set during an arraignment hearing before Judge Commins on November 12, 2025.  *See Commonwealth v. Williams*, MJ-02202-CR-0000486-2025 (M.J. Lancaster).  Williams also had a subsequent bail hearing on March 13, 2026 before a Court of Common Pleas Judge.  *See Commonwealth v. Williams*, CP-36-CR-0004917-2025 (C.P. Lancaster).  Williams does not allege any facts about why the process he was provided was deficient.  His assertion that Snader's *ex parte* letter alone violated his due process is insufficient to state a claim.  Accordingly, his procedural due process claim will be dismissed.

Williams also asserts a claim under the "substantive" prong of the Due Process Clause, which bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  To be plausible, this type of due process claim must allege governmental conduct that "'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'"  *United States v. Salerno*, 481 U.S. 739, 746 (1987) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)); *Palko v. Connecticut*, 302 U.S. 319, 325-26 (1937)).  The allegations supporting Williams's substantive due process claim are the same as those supporting his Eighth Amendment claim.  Thus, Because Williams's substantive due process claim is "covered by a specific constitutional provision"—the Eighth Amendment—his "claim must be analyzed under the standard appropriate to that specific provision."  *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997);

*see also Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (internal quotations omitted)); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule" pursuant to which claims should be analyzed under the standards relevant to the more specific provision of the Constitution under which that claim falls, rather than under the Due Process Clause as a catch all); *see, e.g.*, *Jackson v. Hamm*, 78 F. Supp. 2d 1233, 1242-43 (M.D. Ala. 1999) (concluding that plaintiff did "not have a valid substantive-due-process claim to a minimum-amount appearance bond" because the claim is encompassed by the Eighth Amendment's proscription against excessive bail).  Accordingly, Williams's substantive due process claim will be dismissed with prejudice[5] because his assertions are already covered by his Eighth Amendment excessive bail claim.

Williams also asserts a Fourteenth Amendment equal protection claim, alleging that Defendants discriminated against him "based on wealth" (*see* Compl. at 12), presumably by setting a cash bail amount so high that Williams effectively was forced into pretrial detention. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  To establish an equal protection violation, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of

---

[5]    Leave to amend would be futile. *See Grayson*, 293 F.3d at 108.

intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)). Williams does not allege discrimination based on membership in a protected class because wealth or indigency is not a protected status for purposes of equal protection claims. *See Husain v. Casino Control Comm'n*, 265 F. App'x 130, 134 (3d Cir. 2008) (*per curiam*) ("[R]elative poverty or wealth alone do not constitute 'suspect classes' for purposes of the Equal Protection Clause."); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) ("Neither prisoners nor indigents are suspect classes.").

Because Williams does not claim membership in a protected class, the Court construes his allegations as asserting a claim based on a "class of one" theory. Under the class of one theory, Williams must allege that he was intentionally treated differently from others similarly situated and that there was no rational basis for the treatment. *See Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). Individuals are similarly situated for purposes of an equal protection claim "when they are alike 'in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)); *Children's Health Def., Inc. v. Rutgers, the State Univ. of N.J.*, 93 F.4th 66, 84 (3d Cir.) ("At the pleading stage, that means plaintiffs must adequately allege that they are alike in all relevant respects, . . . and must offer more than conclusory assertions." (quotation marks and citations omitted)), *cert. denied sub nom. Children's Health Def. v. Rutgers, the State Univ. of N.J.*, 144 S. Ct. 2688 (2024). Williams merely recites the class-of-one elements in conclusory fashion without providing any facts about how he was treated differently than similarly situated individuals who were not indigent. This is insufficient to state an equal protection claim. *See Iqbal*, 556 U.S. at 678; *Beitler v. City of Allentown*, No. 22-104, 2022 WL 768151, at *8 (E.D.

11

Pa. Mar. 14, 2022) ("We should dismiss the claim when an incarcerated person fails to identify similarly situated individuals being treated differently."); *see also Jones v. Sposato*, 783 F. App'x 214, 217 (3d Cir. 2019) (*per curiam*) (concluding that general allegations that plaintiff was treated "less favorably" are not sufficient).  Accordingly, Williams has not stated a plausible class of one equal protection claim and the claim is dismissed.

### 3. Conspiracy

Because Williams states a plausible Eighth Amendment excessive bail claim against Snader, the Court next considers whether Williams has pled plausible conspiracy claims under §§ 1985(3) and 1983.  Initially, the Court notes that § 1985(3) is not available to Williams because he does not allege a conspiracy that was motivated by racial or class-based discriminatory animus.  *See Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 944, 948 (3d Cir. 2019) (*per curiam*); *see, e.g.*, *Sheffer v. Center County*, No. 18-2080, 2019 WL 2621836, at *13 (M.D. Pa. May 23, 2019), *report and recommendation adopted sub nom.*, 2019 WL 2612727 (M.D. Pa. June 26, 2019) (dismissing § 1985 conspiracy claims where the plaintiff did not allege that the conspiracy was motivated by a racially based discriminatory animus and noting that poverty alone is not a suspect classification), *aff'd sub nom. Sheffer v. Center County*, 818 F. App'x 160 (3d Cir. 2020).  The § 1985(3) conspiracy claim is dismissed with prejudice because leave to amend would be futile.  *See Grayson*, 293 F.3d at 108.

To allege a plausible claim for conspiracy to violate federal civil rights under § 1983, Williams must allege that:  "(1) two or more persons conspire[d] to deprive any person of [constitutional rights]; (2) one or more of the conspirators perform[ed] . . . any overt act in furtherance of the conspiracy; and (3) that overt act injure[d] the plaintiff in his person or property or deprive[d] the plaintiff of any right or privilege of a citizen of the United States."

*Jutrowski*, 904 F.3d at 294 (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)). A plaintiff may plead the existence of an agreement by "demonstrat[ing] that the state actors named as defendants in the complaint somehow reached an understanding to deny the plaintiff his rights." *Id*. at 295 (quotation omitted) (cleaned up).

Williams has failed to allege sufficient facts from which one could infer an agreement or understanding between Snader and any other individual to violate his constitutional rights. Williams merely alleges that Snader sent an *ex parte* letter to Judge Commins, in which he recommended that Williams "not be assigned a bail that he can post" (Compl. at 18), and that Judge Commins ultimately adhered to Snader's recommendation and assigned a cash bail of $500,000. (*Id*.) However, a parallel but independent course of conduct is not sufficient to allege a civil rights conspiracy. *See Mikhail v. Kahn*, 991 F.Supp.2d 596, 645 (E.D. Pa. 2014) ("A conspiracy is not parallel conduct by different parties."). Williams's allegations do not support a plausible inference of an actual agreement between Snader and Judge Commins, which is a crucial element of a § 1983 conspiracy claim. *See Moore v. Doe*, No. 21-5302, 2022 WL 1308507, at *4 (E.D. Pa. May 2, 2022) (noting that to allege a conspiratorial agreement, the plaintiff must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan or conspire to carry out the alleged chain of events" (quoting *Hammond v. Creative Financial Planning Org*., 800 F. Supp. 1244, 1249 (E.D. Pa. 1992)). Accordingly, Williams's § 1983 conspiracy claim must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Williams leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice. The following claims are dismissed with prejudice: all claims asserted against Judge Commins and

13

Warden Steberger; the Fourteenth Amendment substantive due process claims; and the § 1985(3) conspiracy claims. The following claims asserted against Snader are dismissed without prejudice: the Fourteenth Amendment procedural due process and equal protection claims and the § 1983 conspiracy claims. Williams's Eighth Amendment claim against Snader passes statutory screening under § 1915 and may proceed to service. Williams may file an amended complaint if he can assert additional facts to cure the defects the Court noted as to his claims dismissed without prejudice. In the alternative, Williams may proceed with his Eighth Amendment claim against Snader.

An appropriate Order follows, which offers additional guidance on amending to the extent Williams wishes to do so.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.

**JOSEPH F. LEESON, JR.**
**United States District Judge**

14